IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DARRELL KOSSIE, #1250763 | § | |
| VS. | § | CIVIL ACTION NO. 6:12cv249 |
| DAVID WOOD, ET AL. | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Darrell Kossie, a prisoner confined at the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned with the consent of the parties pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on April 3, 2012. After reviewing the complaint, the Court concluded that an evidentiary hearing should be conducted consistent with *Spears v. McCotter*, 766 F.2d 179, 182 (5th Cir. 1985). A *Spears* hearing is a proceeding which allows a litigant to offer sworn testimony in support of his allegations and to give him every opportunity to explain the nature of his claims. A *Spears* hearing is appropriate "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion for more definite statement." *Id.* at 180-181. It serves to implement the congressional intent of meaningful access to court for indigent litigants, and also to allow the district court to winnow out the wheat from the unusual amount of chaff necessarily presented in a system which fosters *pro se* litigation. *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) (citations omitted).

1

The *Spears* hearing was convened on June 21, 2012. Assistant Warden Dwayne Dewberry, Regional Grievance Coordinator Laurie Parker and Nurse Kathy Grey were present during the hearing and were available to testify under oath about prison policies and information contained in Plaintiff's prison records. Plaintiff, however, refused to testify and discuss the factual basis of his claims. He was repeatedly warned that the lawsuit would be dismissed if he refused to testify; nonetheless, he persisted in refusing to give any testimony.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Plaintiff steadfastly refused to testify and to proceed with the case. He persisted in refusing to testify despite being repeatedly warned that the lawsuit would be dismissed if he did not testify. Consequently, the case should be dismissed. It is therefore

**ORDERED** that the complaint is **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b). It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **21** day of **June, 2012.**

---
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE